**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No.:**

**TIFFANY ORWIG,**

       **Plaintiff,**

**v.**

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC d/b/a/ RPM COLLECTIONS, a Washington, Limited Liability Company**

       **Defendant**

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

1

7.     The Defendant has a registered agent in Colorado located at 80 Garden Center, Suite 3, Broomfield, Colorado 80020.

## PARTIES

8.     Plaintiff Tiffany Orwig is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant Receivables Performance Management, LLC, (hereinafter "Defendant") is a Washington limited liability company operating from an address of 20816 44th Avenue West, Lynnwood, Washington 98036 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.    The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 988498.

## FACTUAL ALLEGATIONS

11.    The Defendant is attempting to collect a debt from the Plaintiff.

12.    The alleged debt stems from personal, family or household expenses and thus is a debt covered under the FDCPA, see 15 U.S.C. §1692 a(5).

13.    The alleged debt that the Defendant is attempting to collect upon stems from a T-Mobile cellular telephone service account.

14.    The Plaintiff disputes the debt and has no intention of paying this debt.

15.    The Defendant contacted the Plaintiff by way of cellular telephone beginning on or near June, 2012 demanding that she pay the disputed debt.

16.     The Plaintiff advised the Defendant that she disputed the debt, that she refused to pay the debt and demanded that the Defendant stop contacting her as it was a disruption to her and that she considered it harassment.

17.     Despite notice that the Plaintiff disputed the debt and that she would not pay, the Defendant persisted in their collection efforts and continued contacting the Plaintiff on her cellular telephone.

18.     The Plaintiff uses a prepaid cellular telephone and thus every call placed to her by the Defendant is an expense.

19.     On August 21, 2012 the Plaintiff called the Defendant because she became aware that the Defendant was damaging her credit report by reporting the disputed debt to the credit bureaus.

20.     It is a violation of the FDCPA for a debt collector to continue collection activities when a consumer disputes the validity of the debt, see 15 U.S.C. §1692g(b).

21.     Continuing to report a disputed debt to a consumer's credit bureaus is a collection activity and is prohibited after a consumer gives an oral demand for validation, see *Finnegan v. University of Rochester Medical Center*, 21 F. Supp. 2d 223 (W.D.N.Y. 1998).

22.     During the August 21, 2012 telephone call between the Plaintiff and the Defendant, the Defendant's employee/agent was aggressive, hostile and demeaning, in violation of 15 U.S.C. §1692d.

23.     The Defendant's employee told the Plaintiff that it did not matter that she disputed the debt, that the Defendant would continue to damage her credit report unless she paid the bill in full.

24.   Such statements are false, misleading and deceptive and thus violate the FDCPA, see 15 U.S.C. §1692 e.

25.   During the August 21, 2012 telephone call the Defendant told the Plaintiff that she "had no dispute" and that she either had to pay the bill or contact the police to report identity theft and report that it was one of the Plaintiff's family members that must have stolen her identity.

26.   Such information is false and violates the FDCPA, see 15 U.S.C. §1692e.

27.   The Defendant told the Plaintiff that he was going to "continue to hit" the Plaintiff's credit report "every month" until she paid her bill and that the damage to her credit report would be significant.

28.   The Defendant told the Plaintiff that if she paid her bill that he would report this to the credit bureau and that this would "improve" her "credit score."

29.   The Defendant used an unfair means to try and collect the disputed debt and thus violated the FDCPA, see 15 U.S.C. §1692f., §1692e(8).

30.   During the August 21, 2012 telephone call the Plaintiff again told the Defendant to stop contacting her and the Defendant stated "that is not going to happen."

31.   The only reason for a debt collector to continue calling a consumer after the consumer has disputed the debt and demanded that the debt collector cease calling her is to harass, annoy or oppress the consumer.

32.   Such conduct violates the FDCPA, see 15 U.S.C. §1692d.

33.   The Defendant has contacted the Plaintiff on her cellular telephone while she is at work, and after she demanded that the Defendant cease contacting her on her cellular telephone.

34.   The conduct of the Defendant has caused the Plaintiff to be embarrassed and humiliated.

35.    The Plaintiff has suffered actual damages, including but not limited to the cost of her cellular telephone charges, to be determined by jury.

36.    The Defendant told the Plaintiff that because she did not dispute the debt within the first thirty days of being contacted that she lost her right to dispute the debt and that the debt was now considered valid.

37.    Such statements are false and violate the FDCPA, see 15 U.S.C. §1692e, §1692d, §1692f.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

38.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

41.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.      For compensatory damages;

2.      For statutory damages;

3.      For punitive damages;

4.      For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and

   prosecution of this action; and

5.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troy@gkalaw.com

 s/Andrea Fulton
**Andrea Fulton, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: andrea@gkalaw.com

 s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorneys for Plaintiff